

# Fourth Court of Appeals
## San Antonio, Texas

February 13, 2023

No. 04-22-00729-CR

James Joshua **GRIFFIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR11589
Honorable Jennifer Pena, Judge Presiding

# O R D E R

Appellant James Joshua Griffin entered into a plea bargain with the State pursuant to which he pleaded no contest to injury to a child. The trial court deferred adjudication of guilt and placed appellant on community supervision. The trial court initially signed a certificate stating this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification. *See id.* R. 25.2(d). On February 10, 2023, the district clerk filed a copy of a supplemental clerk's record, which includes a new Rule 25.2(a)(2) certification stating that this "is a plea bargain case, and the defendant has NO right of appeal." We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Accordingly, appellant is given notice that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record **by March 15, 2023**. *See*

TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines are suspended until further order of the court. We further **ORDER** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of February, 2023.

_____
MICHAEL A. CRUZ, Clerk of Court